# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2026

Lyle W. Cayce
Clerk

No. 24-20538
Summary Calendar

───────────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SOHIL USMANGANI VAHORA,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-440-1

───────────────────────────────

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Sohil Usmangani Vahora pled guilty to conspiracy to commit mail and wire fraud and was sentenced within the guidelines range to 188 months of imprisonment. On appeal, he challenges the district court's assessment of several sentencing enhancements. Vahora fails to show error by the district court. Accordingly, we affirm.

───────────────────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20538

"This court reviews the district court′s interpretation and application of the Sentencing Guidelines *de novo* and its factual determination[s] . . . for clear error." *United States v. Mendoza-Gomez*, 69 F.4th 273, 276 (5th Cir. 2023).

First, Vahora contends that the district court erred in assessing a two-level increase for impersonating a government agent, pursuant to U.S.S.G. § 2B1.1(b)(9). He argues that there was no evidence that he personally misrepresented himself and that the evidence did not support the attribution of others' misrepresentations to him as relevant conduct. "In cases of a jointly undertaken criminal activity" relevant conduct includes "all acts and omissions of others" that are 1) within the scope of that activity; 2) in furtherance of that activity; and 3) reasonably foreseeable in connection with that activity. U.S.S.G. § 1B1.3(a)(1)(B). The record supports the district court's implicit finding that the impersonation of government agents by other coconspirators was reasonably foreseeable or actually known to Vahora and thus was properly attributed to him as relevant conduct.

Next, Vahora argues that the district court erred in assessing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The argument is unavailing. The unrebutted facts in the presentence report (PSR) demonstrated that Vahora threatened subordinates, instructed them not to cooperate with law enforcement, and directed others to relocate to avoid detection and interrogation. The district court was entitled to infer from this unrebutted evidence that Vahora's instructions and actions were a conscious and deliberate attempt to obstruct or impede the Government's investigation, and its assessment of the § 3C1.1 enhancement was not clearly erroneous. *See United States v. Quintanilla*, 114 F.4th 453, 477 (5th Cir. 2024).

No. 24-20538

Vahora also challenges the district court's assessment of a four-level, U.S.S.G. § 3B1.1(a) enhancement for being a leader or organizer, renewing his assertion that he was no more than a second-tier manager or supervisor. His assertions to the contrary notwithstanding, the record evidence demonstrated that Vahora recruited multiple runners, exercised decision-making authority over them, organized their money-laundering activities, coordinated delivery dates and transportation, and paid them. The district court therefore did not clearly err in finding that he was an organizer or leader. *United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011).

Finally, Vahora contends that the district court erred in assessing an 18-level increase, pursuant to U.S.S.G § 2B1.1(b)(1)(J), because the loss resulting from his offense was more than $3.5 million. He asserts that a substantial amount of the loss attributed to him was based on uncorroborated statements from victims, who were elderly, infirm, and unreliable; he additionally argues that the Government failed to substantiate the loss amount with corroborating documentary evidence.

The loss amount in the PSR was based on information compiled by a law-enforcement investigation and, standing alone, unrebutted, was a sufficiently reliable basis for the district court to estimate the loss amount. *See United States v. Dickerson*, 909 F.3d 118, 128 (5th Cir. 2018). The loss amount was further supported by the case agent's testimony at sentencing, which the district court was entitled to credit. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010). Accordingly, Vahora's challenge on this issue fails. *See United States v. De Nieto*, 922 F.3d 669, 674–76 (5th Cir. 2019)

AFFIRMED.